In the Matter of the Claim of SIGRID LOFSTEDT, Appellant, against UNITED STATES GYPSUM COMPANY, Respondent.

STATE INDUSTRIAL BOARD, Respondent.

(Argued November 18, 1931; decided January 5, 1932.)

*Philip A. Sullivan* for appellant. The claims of the widow and dependent child of the deceased are new claims, distinct from that of his disability claim and under the facts death benefits to them should be allowed. (Workmen's Compensation Law, § 16.)

*Clarence B. Tippett* for respondent. The employer should not be held legally chargeable under the Workmen's Compensation Law for the death of the decedent. (*Kunasek* v. *New York Consolidated Car Co.*, 176 App. Div. 135; *Polloni* v. *Brooklyn-Manhattan Transit Corp.*,

215 App. Div. 634; *Fischer* v. *Hoe & Co.*, 224 App. Div. 335; *Frost* v. *Franklin*, 204 App. Div. 700; 236 N. Y. 649; *Tomasi* v. *Bonsignore*, 210 App. Div. 805; *Germantan* v. *American Radiator Co.*, 214 App. Div. 746; *Tromowitz* v. *North American Knitting Mills*, 214 App. Div. 827.)

LEHMAN, J.  In June, 1925, the decedent sustained a fracture of the femur resulting in a deformity of the leg and a functional loss of the use of the leg of fifty per cent. He received a schedule award for the permanent loss of the use of the leg.  The accident causing the injury concededly arose out of and in the course of the employment.  Before the award was made the physician of the employer and self-insurer advised a further operation of a bone graft.  The decedent refused any further operation. The employer and self-insurer made no claim that the refusal was unreasonable or that by such an operation the functional loss of the use of the leg would be reduced. It paid the award and again employed the decedent.

The decedent continued in that employ till August, 1928, at increased wages.  He regretted his refusal to submit to the operation which the employer's physician had advised.  Then he asked whether the employer would still be willing to have the operation performed at its expense.  He was referred to the company's physician who again advised the operation.   He went to the hospital and there the operation was performed.  He died as a result of the operation.  The award to his dependents for his death made by the State Industrial Board has been reversed by the Appellate Division.  The question is whether the death was the result of the original injury.

The evidence shows that the operation was performed to counteract or reduce the effects of the original fracture which would otherwise be permanent.  We may assume that if it was reasonable for the decedent to submit to an operation for that purpose after August, 1928, it would have been reasonable for him to submit to a similar

operation in October, 1926, when it might have been performed with greater safety. None the less, after experience had demonstrated to the decedent the full disadvantage of his condition he could still avail himself of remedies reasonably calculated to reduce that disadvantage. The chain of cause and effect is longer, but it remains unbroken. The earlier refusal postponed the operation, but it did not cause it. The evidence even of the employer's physician establishes that the operation was resorted to as a reasonable attempt to reduce the effect of the original injury. The fact that the employer had already paid the award made for the original injury is irrelevant when it appears that death resulted thereafter from a reasonable effort to reduce the effect of the injury.

The order of the Appellate Division should be reversed and the award of the State Industrial Board affirmed, with costs in this court and in the Appellate Division.

CARDOZO, Ch. J., POUND, CRANE, KELLOGG, O'BRIEN and HUBBS, JJ., concur.

Ordered accordingly.