In the Matter of the Claim of JOHN L. MENDYGRAL, Appellant, against LISMORE BAR & GRILL et al., Respondents. WORKMEN'S COMPENSATION BOARD, Respondent.

Third Department, December 30, 1958.

*Leonard Thorner* for claimant-appellant.

*Ralph S. Stowell* for Lismore Bar & Grill and another, respondents.

*Louis J. Lefkowitz, Attorney-General,* for Workmen's Compensation Board, respondent.

GIBSON, J. Claimant appeals from a decision of the Workmen's Compensation Board which denied compensation benefits after the date of a surgical operation which disclosed a condition concededly unrelated to any industrial accident.

While lifting, claimant experienced a sharp pain and the board has found that he then sustained a back injury of some kind, the first medical reports suggesting a low back sprain. He then developed symptoms consistent with a disc herniation. A myelogram indicated either a herniated disc or a spinal cord tumor, and an operation disclosed only the latter — a large meningioma which pre-existed the accident and had not been aggravated by it. The tumor was removed except for a small shred attached to a nerve. The carrier paid the expenses of the operation and compensation to the day following it.

Claimant asserts a right to compensation for the "moderate partial disability" his physician found for a period of about seven weeks following the operation and attributed to "the post-operative course of the condition". Clearly, the "condition" referred to was that engendered by the meningioma and by the operation for its removal. There is no suggestion in the evidence that the disability was due to such part, if any, of the operative procedure as may have been necessary to eliminate the possibility of a disc herniation, and it is therefore unnecessary to determine what the legal effect in that case might be.

Appellant cites *Matter of Lofstedt* v. *United States Gypsum Co.* (258 N. Y. 222), *Matter of Pharis* v. *Woodworth* (271 App. Div. 1043) and *Matter of John* v. *Fairmont Creamery Co.* (268 App. Div. 840, motion for leave to appeal denied 294 N. Y. 641). In each of these cases the claimant's death, following operation or a second accident, was directly related to an initial compensable injury. Here the board was warranted in finding that the chain of causation did not extend to or beyond the attempted surgical correction of a condition of nonaccidental origin.

Appellant also relies on *Matter of Magen* v. *Great Atlantic & Pacific Tea Co.* (281 App. Div. 931), but there the ultimate disability was a new condition (the result of infection) attributable to the operative procedure per se and not, as here, to the impact of the operation upon the noncompensable condition.

The procedural circumstances of the *Magen* case seem to render it of doubtful applicability in any event.

The decision should be affirmed, without costs.

FOSTER, P. J., BERGAN, HERLIHY and REYNOLDS, JJ., concur.

Decision affirmed, without costs.